## KIMBALL *v.* WELLINGTON.

An attaching creditor, who has obtained leave to defend an action at a term after it has been defaulted and continued on account of the trustee, will not be allowed to file a plea in abatement. He may, however, have leave to move to dismiss the action if there be no such person as the nominal plaintiff.

ASSUMPSIT for $600, money had and received. No specification of the claim was filed by the plaintiff.

The defendant was defaulted at the first term, and the action was continued on account of the trustee. At the next term, which was the February term, 1845, Mr. Stickney obtained leave from the court to appear and defend for subsequent attaching creditors, and within four days after the leave was granted, filed a plea in abatement, on the ground that there was no such person as the plaintiff, Eliphalet Kimball.

At the next term of the court, the counsel for the plaintiff moved to dismiss the plea, on the ground that pleas of that nature were not receivable from subsequent attaching creditors, but only such as go to the merits of the action. The counsel for the creditors contend that subsequent attaching creditors should be permitted to plead any plea that might be pleaded by the defendant; but that in this case a plea in abatement was in fact a plea to the merits, as it went to show that no such action could have an existence, there being no such person as the plaintiff, and consequently no debt could be due from the defendant to him; no person appeared and claimed an interest in the action, and asked leave to prosecute in the plaintiff's name; and it also appeared that at the August term, 1844, it was ordered by the court that the plaintiff furnish a responsible indorser to the writ, and that the defendant subsequently procured a person to indorse the same.

*Bell,* for the plaintiff.

*Stickney,* for the defendant.

GILCHRIST, J. This is a case in which a creditor has obtained leave of court, according to our practice, to defend an action to preserve the benefit of his attachment. This he did not do until after the first term, when the defendant was defaulted, and after a continuance of the action, which became necessary by reason of the proceedings against the trustee.

The attaching creditor then offered a plea in abatement, to which the obvious objection was interposed, that it was too late; such pleas being required by the rule to be filed within the first four days of the term at which the defendant is required to appear.

Is there anything in the peculiar attitude in which the defending party stands before the court that should exempt him from the operation of the rule? He could as well have entered his appearance at the first term as at the second, for anything that appears. He is here at a late day, by means of a rule which he obtained for striking off a default that had been entered, and which, but for the proceedings against the trustee, would, at that time, have concluded the rights of all the parties by a judgment to which the plaintiff became entitled.

There seems, in short, to be no evidence of diligence, which, if successful, would have placed the party in a position in which he would not have needed any indulgence in this particular; the failure of which, through misfortune and inevitable accident, might, perhaps, have entitled him to the consideration ordinarily extended by courts in favor of the rights of parties who have unsuccessfully endeavored to bring themselves within the rules.

We think, therefore, that the plea cannot be received. Perhaps, however, the rights of the attaching creditor

may not of necessity suffer from this denial, since a motion to dismiss the action, accompanied by the necessary proof of the want of an actual party to prosecute it, would be heard.

*Plea dismissed.*